UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>             Plaintiff,<br><br>      v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, et al.,<br><br>             Defendants. | Civil Action No. 24-0435 (BAH) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

LEGAL STANDARD......................................................................................................................... 1

ARGUMENT.................................................................................................................................... 2

CONCLUSION................................................................................................................................. 3

# TABLE OF AUTHORITIES

*Bonner v. Soc. Sec. Admin.*,
    574 F. Supp. 2d 136 (D.D.C. 2008) ......................................................................... 4-5

*CREW v. Fed. Election Comm'n*,
    711 F.3d 180 (D.C. Cir. 2013) .................................................................................. 5

*Hidalgo v. FBI*,
    344 F.3d 1256 (D.C. Cir. 2003) ............................................................................ 4, 5

*Oglesby v. Dep't of the Army*,
    920 F.2d 57 (D.C. Cir. 1990) ............................................................................... 5, 6

*Ryan v. Bentsen*,
    12 F.3d 245 (D.C. Cir. 1993) ................................................................................... 4

Defendants, Centers for Disease Control and Prevention and the U.S. Department of Health and Human Services ("CDC"), by and through undersigned counsel, hereby move to dismiss Plaintiff, Informed Consent Action Network's Complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(6). Plaintiff brings this suit under the Freedom of Information Act ("FOIA"). *See generally* ECF No. 1 ("Compl."). Plaintiff's Complaint arises from a FOIA request seeking versions of the CDC's Vaccine Adverse Event Reporting System ("VAERS") standard operating procedures for COVID-19. *See generally id.* Plaintiff failed to appeal CDC's final response—which was provided on August 1, 2023—prior to the filing of the instant action. *See* Declaration of Roger Andoh ("Andoh Declaration") ¶ 8. Consequently, the case should be dismissed for failure to exhaust administrative remedies.

## LEGAL STANDARDS

Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. It is settled law in this Circuit that administrative exhaustion of a FOIA request, although not a jurisdictional requirement, is "generally required before filing suit in federal court." *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (citing *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)) (exhaustion requirement gives agency opportunity to exercise discretion and expertise and develop factual record to support its decision).   This is because exhaustion "prevent[s] premature interference with agency processes, . . . affords the parties and the courts the benefit of [the agency's] experience and expertise, [and] compil[es] a record which is adequate for judicial review." *Ryan v. Bentsen*, 12 F.3d 245,247 (D.C. Cir. 1993).  Consequently, in the FOIA context, failure to exhaust administrative remedies generally acts "as a bar to judicial review" and warrants dismissal. *Hidalgo*, 344 F.3d at 1259-1260.  When a FOIA plaintiff attempts to obtain judicial review without first fully and timely exhausting available administrative remedies, summary judgment may be granted for the agency Defendant.  *See Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 140 (D.D.C. 2008) (holding that where "there is no genuine dispute that plaintiff did not exhaust his

administrative remedies . . . prior to filing [a] lawsuit, [the agency is] entitled to judgment as a matter of law"). A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA, including failure to administratively appeal an adverse determination on a FOIA request. *Hidalgo*, 344 F.3d at 1258-60.

## ARGUMENT

Plaintiff's claims regarding his request should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure properly to exhaust an administrative appeal or, alternatively, summary judgment should be entered in Defendant's favor. "A FOIA requester is generally required to exhaust administrative appeal remedies before seeking judicial redress." *CREW v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) (citing *Hidalgo*, 344 F.3d at 1258-59)); *see also Oglesby*, 920 F.2d at 62-63 ("Courts have consistently confirmed that the FOIA requires exhaustion of [the administrative] appeal process before an individual may seek relief in the courts."). For instance, where the Federal Bureau of Investigation ("FBI") apprised a FOIA requester of the status of his request, notified him of the FBI's "final" determination to release 15 pages of material and to withhold certain exempt information, and advised the requester of his right administratively to appeal, that was an adequate response to a FOIA request, and the requester was required to exhaust administrative remedies before seeking review in court. *Oglesby*, 920 F.2d at 69.

Similarly, here, Plaintiff's Complaint should be dismissed because Plaintiff has failed to file a timely administrative appeal of a final determination. The CDC received two FOIA requests from Plaintiff on May 25, 2023, both of which were aggregated and provided with a single tracking number as of June 2, 2023. *See* Andoh Declaration ¶ 6. The CDC issued a final response to Plaintiff's FOIA request on August 1, 2023, at which time the CDC released seventy-four pages of responsive records in full or in part and withheld fifty-one pages of responsive records in full. *See id.* ¶ 8. Plaintiff was informed that any appeal would have to be electronically submitted by October 30, 2023. *See id.* But because Plaintiff did not administratively appeal the final decision that it now seeks to litigate in this

4

suit, *see id.* ¶ 9, it has failed to exhaust its administrative remedies. Therefore, judicial review in this Court is precluded.

*       *       *

**CONCLUSION**

For the reasons stated above, Plaintiff's case should be dismissed or, in the alternative, summary judgment should be entered for Defendant, due to Plaintiff's failure to exhaust administrative remedies.

Dated: April 15, 2024                          Respectfully submitted,

                                               MATTHEW M. GRAVES, D.C. Bar #481052
                                               United States Attorney

                                               BRIAN P. HUDAK
                                               Chief, Civil Division

                                               By: */s/ Fithawi Berhane*
                                                   FITHAWI BERHANE
                                                   Assistant United States Attorney
                                                   601 D Street N.W.
                                                   Washington D.C. 20530
                                                   (202) 252-6653
                                                   Fithawi.Berhane@usdoj.gov

                                               *Attorneys for the United States of America*